UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA A. BARBOUR,

               Plaintiff,

-against-

NORTHWELL HEALTH,

               Defendant.

22-CV-8381 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Patricia A. Barbour brings this *pro se* action under Title VII of the Civil Rights of 1964 ("Title VII"), alleging that Defendant Northwell Health ("Northwell") discriminated against her on the basis of her religion after she refused to be vaccinated, and Northwell fired her.[1] Plaintiff resides in Suffolk County and worked at a Northwell location in Nassau County; she states in her complaint that Northwell's headquarters is located in Nassau County. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Venue for a Title VII action lies in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Because the events giving rise to Plaintiff's claims occurred within the State of New York, the Southern District of New York is a proper venue for this action. Under 28 U.S.C. § 1404(a), however, even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

---

[1] On October 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*.

In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Nassau County, where Northwell maintains an office and its headquarters, and Plaintiff resides in Suffolk County. Although Plaintiff did file her action in this court, her choice of forum is accorded less deference because she does not reside in a county within this District and the operative events did not occur here.[2] Rather, the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

---

[2] Nassau and Suffolk Counties are both located within the Eastern District of New York. *See* 28 U.S.C. § 112(c),

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 13, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge